UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TOBIAS JULIAN BURGARA GONZALEZ (6),<br><br>　　　　　　Defendant. | Case No.  24CR1448-AJB<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Superseding Indictment the United States sought forfeiture of all right, title and interest in property of Defendant, TOBIAS JULIAN BURGARA GONZALEZ ("Defendant"), pursuant to Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461(c), as any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of the offense, the gross proceeds of such offense, and any property traceable to such conveyance or proceeds of the violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) as charged in Count 1 of the Superseding Indictment; and pursuant to Title 18, United States Code, Sections 982(a)(6) and (b), as any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense, and any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, or that is

used to facilitate the commission of the violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2, as charged in Counts 2 through 5, and 6 through 8, of the Superseding Indictment; and

WHEREAS, on or about December 3, 2024, Defendant pled guilty before Magistrate Steve B. Chu to the offense set forth in Count 1 of the Superseding Indictment, charging the defendant with knowingly and intentionally conspiring to commit offenses against the United States, to wit: to bring undocumented aliens to the United States for the purpose of commercial advantage and private financial gain, with the intent to violate the immigration laws of the United States, and knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and has consented to the forfeiture allegations of the Superseding Indictment, and agreed pursuant to Title 8, United States Code, Section 1324(b), Title 18, United States Code, Section 982(a)(6)(A) and Title 28, United States Code, Section 2461(c) to forfeit all properties seized in connection with this case including but not limited to $31,409 in United States Currency; and

WHEREAS, on December 18, 2024, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the Court finds that the United States has established the requisite nexus between the forfeited property and the offense; and,

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above- referenced property, pursuant to Title 18, United States Code, Section 982(a)(6)(A) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced property which is hereby found forfeitable by the Court; and

1  WHEREAS, the United States, having submitted the Order herein to the
2  Defendant through his attorney of record, to review, and no objections having been
3  received;

4  Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

5  1. Based upon the guilty plea of the Defendant to Count 1 of the Superseding
6  Indictment, the United States is hereby authorized to take custody and control of the
7  following property, and all right, title and interest of Defendant, TOBIAS JULIAN
8  BURGARA GONZALEZ, in $31,409 in United States Currency is hereby forfeited to
9  the United States pursuant to Title 18, United States Code, Section 982(a)(6)(A) for
10 disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

11 2. The aforementioned forfeited asset is to be held by the United States
12 Customs and Border Protection in its secure custody and control.

13 3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to
14 begin proceedings consistent with any statutory requirements pertaining to ancillary
15 hearings and rights of third parties. The Court shall conduct ancillary proceedings as
16 the Court deems appropriate only upon the receipt of timely third-party petitions filed
17 with the Court and served upon the United States. The Court may determine any
18 petition without the need for further hearings upon the receipt of the Government's
19 response to any petition. The Court may enter an amended order without further notice
20 to the parties.

21 4. Pursuant to the Attorney General's authority under Section 853(n)(1) of
22 Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
23 Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,
24 the United States forthwith shall publish for thirty (30) consecutive days on the
25 Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of
26 the United States' intent to dispose of the property in such manner as the Attorney
27 General may direct, and notice that any person, other than the Defendant, having or
28 claiming a legal interest in the above-listed forfeited property must file a petition with

the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned asset, in which all interests will be addressed.

7. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

Dated:  March 10, 2025

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge